MEMORANDUM **
Armen Danielyan, a native and citizen of Armenia, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substan *842 tial evidence the agency’s credibility finding, Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir.2001), and we review de novo due process claims, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.
The agency identified specific and cogent reasons for finding Danielyan not credible, including his submission of a fraudulent declaration, the inconsistencies between his testimony and amended declaration, and his lack of proof of identity. See Chebchoub, 257 F.3d at 1044-45; see also Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir.2005) (finding the alien’s failure to correct her asylum application was an indication of dishonesty because she knew of the errors and chose to forego an opportunity to correct those errors). The agency properly considered Danielyan’s conviction for a crime involving fraud as undermining his credibility. See Unuakhaulu v. Gonzales, 416 F.3d 931, 938 (9th Cir.2005). In the absence of credible testimony, Danielyan failed to meet his burden of establishing eligibility for withholding of removal.
Substantial evidence supports the agency’s decision to deny Danielyan’s CAT claim, which was based on the same testimony found not credible. Danielyan points to no other evidence in the record that would compel a finding that, if he were returned to Armenia, he would more likely than not be tortured. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003).
Danielyan’s claim that the IJ violated due process by denying his request for a continuance fails because he did not demonstrate prejudice. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000).
We lack jurisdiction to consider Danielyan’s claim regarding the scope of the record and whether his conviction barred him from eligibility for withholding because those issues were not exhausted before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004). To the extent Danielyan now contends that his former attorneys and immigration consultant provided ineffective assistance of counsel, we lack jurisdiction to consider this claim because it also was not exhausted before the BIA. See id.; see also Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000) (requiring exhaustion of claims of ineffective assistance of counsel).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.